## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMIAH SCOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:05-cv-02087-WMA-JEO |
| | ) | |
| WARDEN RALPH HOOKS and THE | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

The petitioner, Jeremiah Scott, filed a petition for a writ of habeas corpus with this court on October 4, 2005.  He challenges the validity of his 2002 convictions in the Circuit Court of Jefferson County, Alabama, for one count of felony murder and two counts of robbery in the first degree.  Upon consideration of the same, the court finds that the petition is due to be denied.

## I.  PROCEDURAL HISTORY

### A.  Direct Appeal

On January 11, 2002, the petitioner was indicted for two counts of robbery, one count of attempted murder, and one count of capital murder.[1]  (Doc. 7, Ex. 1 at 1-3; Doc. 7, Ex. 2 at 1; Doc. 7, Ex. 3 at 1).[2]  On August 21, 2002, a jury found the petitioner not guilty of attempted murder.  (Doc. 7, Ex. 13 at 9).  On August 22, 2002, the same jury found the petitioner guilty of

---

[1]ALA. CODE § 13A-8-41 (Robbery in the First Degree); ALA. CODE § 13A-6-2 (Murder); ALA. CODE § 13A-4-2 (Attempt); ALA. CODE § 13A-5-40 (Capital Offenses).

[2]References herein to "Doc.___" are to the document number assigned by the Clerk of the Court.  However, due to discrepancies between the originals filed by the parties and the pleadings and motions as they appear in the court's electronic filing system, references herein to "Ex. ___" are to the electronic number assigned by the filing party in the original pleading, motion, memorandum, etc.  Finally, references herein to "at ___" are to be the section, paragraph, or page number of the "Doc." or "Ex." in the electronic filing system.

both counts of robbery in the first degree. (Doc. 7, Ex. 13 at 10). Upon the indictment of capital

murder, the jury found the petitioner guilty of felony murder. (Doc. 7, Ex. 13 at 49). On

September 30, 2002, the trial court sentenced the petitioner to life in prison and the petitioner

entered an oral notice of appeal. (Doc. 7, Ex. 14 at 33). On January 23, 2003, the petitioner was

"resentenced" [sic] and again the petitioner entered an oral notice of appeal. (Doc. 7, Ex. 14 at

34).

      The petitioner filed a written notice of appeal on January 29, 2003. (Doc. 7, Ex. 14 at

35). On direct appeal from his conviction, the petitioner asserted three grounds for relief. (Doc.

7, Ex. 2 at 22). First, the petitioner argued that the trial court erred in admitting inadmissible

character evidence. (Doc. 7, Ex. 2 at 23-25). Second, the petitioner argued that his statements to

the Gary, Indiana Police and the Leeds, Alabama Police should have been excluded because: (1)

the statements were the progeny of an unlawful disclosure of a privileged statement made by the

petitioner to a clergyman; and (2) the statements were not made voluntarily. (Doc. 7, Ex. 2 at 26-

30). Third, the petitioner argued that the trial court erred in admitting a ski mask purportedly

worn by the petitioner during the robbery because the prejudicial effect far outweighed any

probative value of such evidence. (Doc. 7, Ex. 2 at 31).

      Regarding the petitioner's argument that the trial court erred in admitting inadmissible

evidence of character, the Alabama Court of Criminal Appeals held that:

> The appellant did not state any grounds in support of his objection [to the
> admission of the allegedly inadmissible character or act propensity evidence]. "A
> general objection that does not specify grounds preserves nothing for review.
> Thompson v. State, 575 So. 2d 1238 (Ala. Cr. App. 1991)." Landreth v. State,
> 600 So. 2d 440, 447 (Ala. Crim. App. 1992). Therefore, the appellant did not
> properly preserve this argument for our review.

(Doc. 7, Ex. 5 at 3).  The Alabama Court of Criminal Appeals further held that even if the objection had been properly preserved, the evidence of the attempted robbery that occurred immediately prior to the robbery and murder of Mr. Davis was subject to the continuous transaction exception to the exclusionary rule:

> In this case, the attempted robbery at Steele's house took place immediately before the robberies and murder at Byars' house, and the events were all part of one continuous criminal transaction.  Therefore, the trial court properly admitted evidence about the attempted robbery at Steele's house.

(Doc. 7, Ex. 5 at 3-7).

Regarding the petitioner's second argument that his statements to the Gary, Indiana Police and the Leeds, Alabama Police should have been excluded because the statements were the progeny of an unlawful disclosure of a privileged statement made by the petitioner to a clergyman, the Alabama Court of Criminal Appeals held that "[t]he appellant did not show that the communication with [the clergyman] was confidential" because there was sufficient evidence admitted to demonstrate that: (1) the petitioner disclosed his confession to the Gary police officers prior to any disclosure by the clergyman; and (2) that the petitioner intended to disclose the confession to the Gary and Leeds Police Departments.  (Doc. 7, Ex. 5 at 7-10).  Regarding the second prong of this claim, that the statements were not voluntary, the Alabama Court of Criminal Appeals stated as follows:

> Ruzga[, an officer with the Gary Police Department,] testified that the appellant voluntarily came to the Gary Police Department with Marrero; that he used a form to advise the appellant of his constitutional rights; that the appellant initialed each right on the form, signed the waiver of rights form, and indicated that he understood his rights; that the appellant was oriented as to place and time; that neither he nor anyone in his presence made any promises or threats to the appellant; that the appellant voluntarily talked to him after he had been advised of his rights; that officers told the appellant that "the only person that can help you is

3

yourself, and you only help yourself by telling the truth;" that the theme of the interview was that they could not help the appellant or promise him anything; that they did not, at any time before or during the interview, tell the appellant to tell the truth and help himself; that no one told the appellant he could help himself by making a statement; that he did not tell the appellant it would be better for him if he made a statement or worse for him if he did not make a statement; that they did not promise the appellant he would be released; that they told the appellant that other people would probably make a statement; and that, at the end of the interview, they told him that he was helping himself by telling the truth.

. . . .

Detective Jay Fondren of the Leeds Police Department testified that he talked with the appellant at the Jefferson County Jail on September 10, 2001; that Sergeant Grady Collier advised the appellant of his constitutional rights using a notification of rights form; that the appellant indicated that he understood what they were saying; that the appellant was coherent and able to communicate; that the appellant did not appear to be under the influence of anything; that the appellant signed the waiver of rights form; that neither he nor anyone in his presence made any threats or promises to the appellant; that neither he nor anyone in his presence told the appellant it would be better or worse for him if he made a statement; that, after they had advised the appellant of his rights, he indicated that he wanted to talk to them; and that either he or Collier made a statement to the effect that "'everybody is putting it on you.'"

Sergeant Grady Collier of the Leeds Police Department testified that he was present during the September 19, 2001, interview with the appellant; that it was possible that he told the appellant something to the effect that "'all the other defendants are putting it on you;'" that every one of the codefendants had indicated that the appellant was involved; that the appellant had telephoned him and asked him to come talk to him; that the interview with the appellant took place in the interview room in the Jefferson County Jail; and that the appellant never asked for an attorney.

. . . .

Based on [the interrogating officers'] testimony, the trial court could have reasonably concluded that the appellant voluntarily made his statement and that his will was not overborne by the officers' statements.  Therefore, the trial court properly denied the appellant's motion to suppress the statement he made to law enforcement officers with the Gary [and Leeds] Police Department[s].

(Doc. 7, Ex. 5 at 10-16).

Regarding the petitioner's third argument that the trial court erred in admitting a ski mask

purportedly worn by the petitioner during the robbery because the prejudicial effect far

outweighed any probative value of such evidence, the Alabama Court of Criminal Appeals

stated:

> Evidence about the ski mask was relevant because it was found at the
> crime scene; because the State presented evidence that the mask was not there
> before the appellant and the other men entered the house; and because the
> appellant could not be excluded as a possible donor of the DNA found on the
> mask.  Further, evidence was presented that the strength of the DNA evidence
> regarding the ski mask was not strong; that Brown did not see any of the men
> wearing a ski mask when they entered Byars' house; and that the hair found on the
> mask did not belong to him or any of his codefendants.  Accordingly, the
> probative value of the ski mask was not substantially outweighed by the danger of
> unfair prejudice.  Therefore, the trial court properly denied the appellant's motion
> to suppress the ski mask.

(Doc. 7, Ex. 5 at 17).

On August 22, 2003, the Alabama Court of Criminal Appeals affirmed the trial court's

judgment.  (Doc. 7, Ex. 5 at 18).  On September 19, 2003, the Alabama Court of Criminal

Appeals overruled the petitioner's application for rehearing.  (Doc. 7, Ex. 7).  On October 4,

2003, the petitioner filed a petition for a writ of certiorari with the Alabama Supreme Court.

(Doc. 7, Ex. 8 at 3-5).  Attached to that petition was a "motion for acceptance of petition filed

one day out of time."  (Doc. 7, Ex. 8 at 1-2).  On October 8, 2003, the Alabama Supreme Court

denied the petitioner's "motion for acceptance. . ." and struck the petition for a writ of certiorari

as untimely and jurisdictionally barred.  (Doc. 7 at Ex. 9).  On October 10, 2003, the petitioner

filed a motion to reconsider.  (Doc. 7, Ex. 10 at 1-2).  On October 15, 2003, the Alabama

Supreme Court denied the petitioner's motion to reconsider.  (Doc. 7, Ex. 11).  On April 5, 2004,

the Clerk of the Court of Criminal Appeals issued a certificate of judgment indicating that the

judgment of the Court of Criminal Appeals's was final.  (Doc. 7, Ex. 12).

## B.  Post-Conviction Proceedings

On December 15, 2004, the petitioner filed a post-conviction petition (hereinafter "Rule 32 Petition") with the Circuit Court of Jefferson County, Alabama.[3]  (Doc. 7, Ex. 13 at 24-52; Doc. 7, Ex. 14 at 1-2).  The claims raised therein included the following as determined by the Alabama Court of Criminal Appeals:

1.     The trial court lacked jurisdiction to render the judgments or to impose the sentences because the warrant for his arrest was issued without probable cause;[4]

2.     The trial court lacked jurisdiction to render the judgments or to impose the sentences because the district court had no jurisdiction to conduct the preliminary hearing due to the illegal warrant and arrest;[5]

3.     The convictions are not supported by any evidence and violate the principles of double jeopardy;

4.     The trial court lacked jurisdiction because he was convicted as an accomplice even though his indictments did not specifically charge him with complicity;

5.     The trial court lacked jurisdiction because neither the venire nor the petit jury were properly sworn; and,

6.     He was denied effective assistance of counsel at trial and on appeal.

---

[3] *See* ALA. R. CRIM. P. 32.

[4] "In a footnote in Ground One of his petition, Scott also alleged that because his arrest was allegedly illegal, the statements he made to authorities after his arrest should have been suppressed."  (Doc. 7, Ex. 18 at 2).

[5] The Court also noted that

Within Ground Two of his petition, Scott also appeared to allege that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, he said, the indictments were not "submitted to the body of the grand jury"[ ], but were found by only the foreman of the grand jury, in violation of § 12-16-204, Ala. Code 1975, which provides that "[t]he concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed 'a true bill' and the endorsement signed by the foreman."

(Doc. 7, Ex. 18 at 3).

(Doc. 7, Ex. 13 & 18).

On December 14, 2004, the State of Alabama filed a motion to dismiss the petitioner's Rule 32 petition.  (Doc. 7, Ex. 14 at 3-9).  On December 15, 2004, the Circuit Court of Jefferson County, Alabama, denied the Rule 32 petition.  (Doc. 7, Ex. 14 at 10).  On December 27, 2004, the petitioner filed a notice of appeal from the trial court's denial of his petition.  (Doc. 7, Ex. 13 at 22-23).  The Court of Criminal Appeals affirmed the denial of relief on April 22, 2005.  (Doc. 7, Ex. 18 at 9).  The petitioner applied for rehearing.  (Doc. 7, Ex. 19).  On May 13, 2005, the Alabama Court of Criminal Appeals overruled the petitioner's application for rehearing.  (Doc. 7, Ex. 20).  The petitioner subsequently filed a petition for a writ of certiorari with the Alabama Supreme Court.  (Doc. 7, Ex. 21).  On July 8, 2005, the Alabama Supreme Court denied this petition.  (Doc. 7, Ex. 22).

### C.  Federal Habeas Petition

On October 4, 2005, Jeremiah Scott petitioned this court for a writ of habeas corpus. (Doc. 1).  The stated grounds for habeas relief are identical to the stated grounds for post-conviction relief attached to the petitioner's Rule 32 petition.  *Cf.* Doc. 1 at 8-20; Doc. 7, Ex. 13 at 32-44.  On January 6, 2006, the court ordered the respondents to appear and show cause why the relief requested by the petitioner should not be granted.  (Doc. 5).  On February 2, 2006, the respondents filed a response with the court.  (Doc. 7).  Therein, the respondents argue that: (1) the petitioner is not in custody in violation of the laws or constitution of the United States; (2) the petitioner's convictions and sentence were validly and constitutionally obtained; (3) the petitioner's petition is timely under the one-year statute of limitation provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); (4) the petitioner has

7

exhausted his federal habeas claims; and (5) the petitioner's claims have either been procedurally defaulted or are without merit.  (Doc. 7 at 3).  On April 18, 2006, the petitioner filed a traverse to the respondents' answer.  (Doc. 12).  Therein, the petitioner reiterated his claims for habeas relief.  (Doc. 12).  This matter is now ripe for review.

## II.  FACTUAL HISTORY

This court adopts the facts as found by the Alabama Court of Criminal Appeals in its memorandum opinion dated August 22, 2003.  This opinion was issued upon the petitioner's direct appeal from conviction.

> The State presented evidence that, on the evening of August 27, 2001, the appellant, Anthony Latham, Deltric Woody, Jeremiah Jones, Tyjuan Harris, and NeAndra Giles drove to Casey Byars' house in Leeds, Alabama.  Byars, Dewayne Brown, and Tim Davis were in the house.  While Harris and Giles waited in the vehicle, the appellant, Latham, and Woody went into Byars' house; they asked Byars if he had any marijuana, and he said he did not; Latham drank a beer; after Latham put his bottle in the trash can in the kitchen, he put a gun to Brown's head; the appellant and Woody also had guns; at some point, Jones entered the house; the men told the victims to get on the floor and used duct tape to tape their hands and feet; the men demanded money or drugs, took money from Byars' pocket, and searched Byars' house; Davis was shot; and all four men left the house.  When Brown followed the men outside, he was shot in the head.  Davis died from multiple gunshot wounds.

(Doc. 7, Ex. 5 at 1-2).

## III.  APPLICABLE RULES AND LAW

### A.  Exhaustion and Procedural Default

Federal habeas corpus relief cannot be granted unless the applicant exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1).  It is well-settled that a federal court's authority to review state court criminal convictions is severely restricted when a petitioner has failed to present the claim in state court or when he fails to follow the applicable

state procedural rules. *Teague v. Lane*, 489 U.S. 288, 297-98, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989); *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992). Where the petitioner fails to present the claim in state court, he is barred from raising it in federal court unless he can show cause for the default and prejudice resulting therefrom. *Teague*, 489 U.S. at 298. Where the claim is presented in state court and the last state court to review it states "clearly and expressly" that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief, federal courts may not review the claim. *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989); *Baldwin v. Johnson*, 152 F.3d 1304, 1314 (11th Cir. 1998); *Hill v. Jones*, 81 F.3d 1015, 1022 (11th Cir. 1996), *cert. denied*, 519 U.S. 1119 (1997). In *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999), the Supreme Court stated that federal habeas corpus petitioners need only provide the "state courts a fair opportunity to act on their claims." *Id*. The Court further held that in order to satisfy the exhaustion requirement for bringing a habeas corpus petition, the petitioner was required to present his claims to the state supreme court for discretionary review when that review is part of the ordinary review procedure in the State. *Id*. at 848.

There are only two exceptions that allow this court to review the merits of a claim that has been procedurally defaulted. First, the petitioner must demonstrate both cause excusing the default and actual prejudice resulting from the bar. Second, in extraordinary cases, a federal court may grant the writ without a showing of cause and prejudice to correct "a fundamental miscarriage of justice." *Hill*, 81 F.3d at 1023. Under the latter exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is

actually innocent." *Hill*, 81 F.3d at 1023, *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986).

## B.  Review Under § 2254

Subsection (d) of 28 U.S.C. § 2254 provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13,120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

The Eleventh Circuit has stated that:

> The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions.  *See Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000).  A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.  *See Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000).

10

> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case.  *See Id*.  An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.  *See Id*.  Notably, an "unreasonable application" is an "objectively unreasonable" application. [ ] *See Williams*, 529 U.S. at 412, 120 S. Ct. at 1523.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001), *cert. denied*, 537 U.S. 870, 123 S. Ct. 278, 154 L. Ed. 2d 119 (2002).

In addition, the court may not independently find, absent a showing by the petitioner, that the state court applied federal law to the facts in the case in an objectively unreasonable manner.  *See Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357, 360, 154 L. Ed. 2d 279 (2002).  Also, relief under § 2254(d)(2) is not permitted unless the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d)(2).

Additionally, factual determinations made by the state court are presumed to be correct unless the petitioner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Finally, the court notes that a claim for a writ of habeas corpus cannot be grounded solely in an error of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991).

### C.  Ineffective Assistance of Counsel

Concerning claims of ineffective assistance of counsel contained in a petition for a writ of habeas corpus, the Court of Appeals for the Eleventh Circuit has recently stated:

> The standard for judging counsel's performance is reasonableness under prevailing professional norms.  The test for reasonableness is not whether counsel

could have done something more or different; instead, we must consider whether the performance fell within the broad range of reasonable assistance at trial. Furthermore, we recognize that omissions are inevitable. But, the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled.

The burden of persuasion is on the petitioner to prove by a preponderance of the evidence that counsel's performance was unreasonable. Courts conduct highly deferential review of counsel's performance and indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment. Based on this strong presumption of competent assistance, the petitioner's burden of persuasion is a heavy one: petitioner must establish that no competent counsel would have taken the action that his counsel did take.

As for the second prong of the *Strickland* test, a petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.

*Stewart v. Secretary, Dept. of Corrections*, 476 F.3d 1193, 1209 (11th Cir. 2007).

## IV.  DISCUSSION

### A.  First Ground for Relief

The stated grounds for habeas relief in this case are identical to the stated grounds for post-conviction relief attached to the petitioner's Rule 32 petition. *Cf.* Doc. 1 at 8-20; Doc. 7, Ex. 13 at 32-44. Therefore, the court adopts the Alabama Court of Criminal Appeals's interpretation of the petitioner's grounds for relief pursuant to his Rule 32 petition as the grounds for relief claimed by the petitioner pursuant to his petition for a writ of habeas corpus. Thus, the first claim is as follows:

In Ground One of his petition, Scott appear[s] to allege that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, he said, the warrant for his arrest was issued without probable cause.

. . . .

12

>        In a footnote in Ground One of his petition, Scott also allege[s] that
> because his arrest was allegedly illegal, the statements he made to authorities after
> his arrest should have been suppressed.

(Doc. 7, Ex. 18 at 2; *Cf.* Doc. 1 at 8-20; Doc. 7, Ex. 13 at 32-44).  In support of these grounds for

relief, the petitioner alleges that statements given by Jeremiah Jones and NeAndra Giles indicate

that the petitioner and his co-defendants went to Byers' house with the intent to rob the victims,

not to kill them.  (Doc. 1 at 8-10).  Further, the petitioner alleges that, according to the same

statement by Jeremiah Jones, he did not witness the petitioner in possession of a firearm at

Byers' house.  *Id.*  The petitioner argues that these statements demonstrate that the warrant to

arrest him for capital murder was issued without a sufficient showing of probable cause.  *Id.*

The petitioner argues further that because the warrant was illegally obtained, any statements the

petitioner made to detectives of the Gary Police Department should have been suppressed.  *Id.* at

9 at n.i.  Finally, the petitioner argues that the convictions that resulted from the errors alleged in

count one violated: (1) due process; (2) Rule 3.8(1)(a) ALA. R. PROF. CONDUCT;

(3) Rule 2.3 ALA. R. CRIM. P.; (4) U.S. CONST. AMENDS. IV, XIV; and (5) ALA. CONST.

AMENDS. IV, XIV.  *Id.* at 8.

>        In response to the petitioner's first stated ground for relief, the respondents argue:

>        The Court of Criminal Appeals held that Scott's claim that his arrest
> warrant was issued without probable cause was precluded under Rule 32.2(a)(5)
> of the Alabama Rules of Criminal Procedure because it could have been, but was
> not, raised on direct appeal. [ ].  Alabama courts have consistently held that
> petitions for post-conviction relief raising non-jurisdictional claims that could
> have been, but were not, raised on direct appeal, are precluded under Rule
> 32.2(a)(5). [ ].  Indeed, in <u>Sumlin v. State</u>, 710 So. 2d 941, 942 (Ala. Crim. App.
> 1998), the Court of Criminal Appeals held that a claim that an arrest warrant was
> issued without probable cause is a non-jurisdictional claim that is precluded under
> Rule 32.2(a)(5) unless timely raised on direct appeal.  Accordingly, this claim has

been procedurally defaulted.

(Doc. 7 at 5).

To defeat the procedural bar to relief found in 28 U.S.C. §§ 2254(b) and (c), as already noted, a petitioner must "have exhausted the remedies available in the courts of the State."  The Court of Appeals for the Eleventh Circuit has held that a failure to present a claim (the substance of which would serve as grounds for federal habeas relief) in state court, in compliance with state court rules governing the manner in which such a claim is to be exhausted, results in a procedural default of such claims in federal court.  Specifically, the Court of Appeals for the Eleventh Circuit has held that "when a petitioner has failed to present a claim to the state courts and under state procedural rules the claim has become procedurally defaulted, the claim will be considered procedurally defaulted in federal court."  *Collier v. Jones*, 910 F.2d 770, 772 (11th Cir. 1990) (citing *Lindsey v. Smith*, 820 F.2d 1137 (11th Cir. 1987)).  The Eleventh Circuit applied this rule to a petition for a writ of habeas corpus based in part on a ground for relief that, pursuant to ALA. R. CRIM. P. 32, could have been, but was not, raised by the petitioner upon his direct appeal from conviction in state court.  *See Waldrop v. Jones*, 77 F.3d 1308, 1314 (11th Cir. 1996).  In *Waldrop*, the Court of Appeals held that one of the petitioner's federal habeas claims, a challenge to jury instructions, could have been, but was not, raised on direct appeal in state court and thus was procedurally defaulted in federal court.  *Id*.  Thus, in order to defeat the respondents' procedural default argument, the petitioner not only must have exhausted his first claim for habeas relief in state court, he also must have followed state court rules on how the available remedies were to be exhausted.  Included in the rules that the petitioner must have followed is Alabama Rule of Criminal Procedure 32.

14

Rule 32 of the Alabama Rules of Criminal Procedure limits post-conviction relief in several ways including that a petitioner "will not be given relief under this rule based upon any ground [w]hich could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)." ALA. R. CRIM. P. 32.2(a)(5).  An exception to this rule is made for jurisdictional claims.  *See* ALA. R. CRIM. P. 32.1(b).  These excerpts demonstrate that non-jurisdictional challenges to a conviction that could have been, but were not, raised on direct appeal are precluded pursuant to Alabama state law.  Thus, the court must now determine whether the petitioner's first claim for habeas relief is jurisdictional or non-jurisdictional.

The Supreme Court of Kansas articulated the well-established doctrine regarding the effect of an allegedly illegal arrest on the jurisdiction of the court:

> Jurisdiction of a court to try a person accused of a crime is not divested by the fact he or she may have been unlawfully arrested.  *United States v. Crews*, 445 U.S. 463, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1971), *cited in State v. Hammond*, 4 Kan. App. 2d 643, 645, 609 P.2d 1171, *rev. denied*, 228 Kan. 807 (1980); *State v. Addington*, 205 Kan. 640, 644, 472 P.2d 225 (1970); *Hanes v. State*, 196 Kan. 404, 411 P.2d 643 (1966); *State v. Cook*, 194 Kan. 495, 399 P.2d 835 (1965).  An unlawful arrest, without more, does not give the accused immunity from prosecution nor provide a defense to a valid conviction.  Even where the trial court determines the initial arrest was without probable cause, if the taint of the illegal arrest is so separate from the statement or evidence obtained, the evidence can be admitted.  *See Dunaway*, 442 U.S. at 216, 99 S. Ct. at 2258 (citing *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 [1963]).

*State v. Weis*, 246 Kan. 694, 697-98, 792 P.2d 989, 992 (Kan. 1990).  The Alabama Court of Criminal Appeals reiterated this sentiment when it stated that:

> "Neither an unlawful arrest, *Coral v. State*, 551 So. 2d 1181, 1182 (Ala. Cr. App. 1989), nor the failure of the grand jury foreman to endorse the indictment 'a true bill,' *see Noah v. State*, 494 So. 2d 870, 871 (Ala. Cr. App. 1986), affects the fundamental power of the court to proceed with the prosecution."  *Smith v. State*, 609 So. 2d 449, 450 (Ala. Cr. App. 1992).

15

*Reed v. State*, 748 So. 2d 231, 234 (Ala. Crim. App. 1999).

Pursuant to this principle, the respondents are correct that the lawfulness of an arrest

warrant is not a jurisdictional issue.  Therefore, the petitioner's first ground for habeas relief is

non-jurisdictional because it challenges the existence of probable cause to issue a warrant to

arrest the petitioner.  The respondents are also correct that non-jurisdictional claims for

post-conviction relief are precluded by Rule 32.2(a)(5) if such claims could have been, but were

not, raised on direct appeal.  *See Ex parte Benford*, 935 So. 2d 421, 430 (Ala. 2006); *Griggs v.*

*State*, CR-06-0002, 2006 WL 3734706, at *1 (Ala. Crim. App. December 20, 2006); *Herren v.*

*State*, CR-04-1593 2006 WL 3734713, *1-2 (Ala. Crim. App. December 20, 2006); *Abrams v.*

*State*, CR-05-0364, 2006 WL 2788990, at *1 (Ala. Crim. App. September 29, 2006).

Based on the foregoing and the present record, the court finds that the petitioner's first

claim for habeas relief is non-jurisdictional.  The court now must decide whether the petitioner's

first claim for relief could have been, but was not, raised on direct appeal.  The Alabama Court of

Criminal Appeals has articulated the requirement of a timely objection at trial to preserve a

ground for appeal:

> Initially, we observe that the trial court must first have the opportunity to
> rule on an issue before it can be preserved for appellate review.  *See Woodberry v.*
> *State*, 625 So. 2d 1159 (Ala. Cr. App. 1993); *Ross v. State*, 581 So. 2d 495 (Ala.
> 1991).  Even constitutional issues must be properly presented to the trial court in
> order to be preserved for appellate review.  *See Adams v. City of Pelham*, 651 So.
> 2d 55 (Ala. Cr. App. 1994); *Hansen v. State*, 598 So. 2d 1 (Ala. Cr. App. 1991).

*Sotto v. State*, 701 So. 2d 309, 312 (Ala. Crim. App. 1997).

> To preserve an issue for appellate review, it must be presented to the trial
> court by a timely and specific motion setting out the specific grounds in support
> thereof . . . .  An issue raised for the first time on appeal is not correctly before this
> court.

16

*Jones v. State*, 680 So. 2d 964, 969 (Ala. Crim. App. 1996) (quoting *Buice v. State*, 574 So. 2d 55, 57 (Ala. Crim. App. 1990).

The record does not include a trial transcript.  However, the petitioner does not claim, nor does the record indicate, that the petitioner ever raised a challenge to the indictment at trial or on direct appeal.  (Doc. 1; Doc. 7).  According to the Alabama Supreme Court, the Alabama Court of Criminal Appeals and its predecessor, the Alabama Court of Appeals, the failure to challenge an arrest warrant, or the underlying existence of probable cause, at trial precludes a challenge for the same on appeal.  *See Jordan v. State*, 51 So. 620, 621 (Ala. 1910); *Burks v. State*, 600 So. 2d 374, 381 (Ala. Crim. App. 1991); *Eaton v. State*, 423 So. 2d 352, 353-54 (Ala. Crim. App. 1982); *Pope v. State*, 105 So. 917 (Ala. Ct. App. 1925).

Even if the petitioner had challenged the arrest warrant at trial, he failed to raise a challenge to the arrest warrant on direct appeal.  (Doc. 7, Ex. 2).  While the petitioner argued on direct appeal that his statements to the Gary, Indiana Police and the Leeds, Alabama Police should have been excluded, the basis of that challenge was that (1) the statements were the progeny of an unlawful disclosure of a privileged statement made by the petitioner to a clergyman; and (2) the statements were not made voluntarily.  (Doc. 7, Ex. 2 at 26-30).  The petitioner failed to contend on direct appeal that the statements should have been excluded because they were the result of an illegally obtained arrest warrant.  (Doc. 7, Ex. 2).

Therefore, because a challenge to an arrest warrant is a non-jurisdictional issue that could have been, but was not, raised by the petitioner on direct appeal, the petitioner's first claim for habeas relief is procedurally defaulted pursuant to 28 U.S.C. §§ 2254(b) and (c), ALA. R. CRIM. P. 32.1(b) & 32.2(a)(5), *Collier*, 910 F.2d at 772, and *Waldrop*, 77 F.3d at 1314.

17

## B.  Second Ground for Relief

The petitioner's second claim for relief, as articulated by the Court of Criminal Appeals,

is as follows:

> In Ground Two of his petition, Scott appear[s] to allege that the trial court lacked jurisdiction to render the judgments or to impose the sentences because . . . the district court had no jurisdiction to conduct the preliminary hearing.  As best we can discern, this claim, like the previous claim, centered on Scott's allegation that the arrest warrant and his arrest were illegal.  According to Scott, the allegedly illegal arrest deprived the district court of jurisdiction over the preliminary hearing which, in turn, deprived the circuit court of jurisdiction over the case.
>
> . . . .
>
> Within Ground Two of his petition, Scott also appear[s] to allege that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, he said, the indictments were not "submitted to the body of the grand jury"[ ], but were found by only the foreman of the grand jury, in violation of § 12-16-204, Ala. Code 1975, which provides that "[t]he concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed 'a true bill' and the endorsement signed by the foreman."

(Doc. 7, Ex. 18 at 3).  The petitioner argues that the convictions that resulted from the errors

alleged in count two violated: (1) due process (ALA. CONST. AMENDS. V, XIV; U.S. CONST.

AMENDS. V, XIV); (2) Rule 3.8(1)(a) ALA. R. PROF. CONDUCT; (3) Rules 5.1(a) and 5.3(a) ALA.

R. CRIM. P.  (Doc. 1 at 11).

In response to the petitioner's second stated ground for relief, the respondents argue that:

> Like his first claim, Scott's [second claim for relief is] procedurally defaulted because he did not timely raise [this] issue[ ] in state court.  The Court of Criminal Appeals held Scott's claim that his indictments were not submitted to a full grand jury was precluded under Rules 32.2(a)(3) and (5) of the Alabama Rules of Criminal Procedure because it could have been, but was not, raised and addressed at trial and on direct appeal.  [ ]  In Duren v. State, 813 So. 2d 928, 929 (Ala. Crim. App. 2000), the Court of Criminal Appeals held that this very issue was non-jurisdictional and was, therefore, precluded under Rule 32.2(a)(3)

18

because it could have been raised at trial.

(Doc. 7 at 5-6).

The court finds that the trial court's jurisdiction to hold a preliminary hearing was not lost due to an allegedly illegal arrest warrant, because, as found in the analysis of the petitioner's first claim, any flaw in an arrest warrant does not deprive the trial court of jurisdiction. *Weis*, 792 P.2d at 992; *Reed*, 748 So. 2d at 234.

For the same reasons that the petitioner's non-jurisdictional challenge to the arrest warrant was precluded pursuant to ALA. R. CRIM. P. 32.2(a)(5) and procedurally barred pursuant to 28 U.S.C. §§ 2254(b) and (c), the petitioner's non-jurisdictional challenge to the indictment was precluded pursuant to ALA. R. CRIM. P. 32.2(a)(3) & (5) and also is procedurally defaulted pursuant to 28 U.S.C. §§ 2254(b) and (c).

The Alabama Supreme Court has addressed the issue of whether a challenge to an indictment is a jurisdictional issue:

> Jurisdiction is "[a] court's power to decide a case or issue a decree." *Black's Law Dictionary* 867 (8th ed. 2004). Subject-matter jurisdiction concerns a court's power to decide certain *types* of cases. *Wolff v. McGaugh*, 175 Ala. 299, 303, 57 So. 754, 755 (1911) ("'By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.'" (quoting *Cooper v. Reynolds*, 77 U.S. (10 Wall.) 308, 316, 19 L. Ed. 931 (1870))). That power is derived from the Alabama Constitution and the Alabama Code. *See United States v. Cotton*, 535 U.S. 625, 630-31, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) (subject-matter jurisdiction refers to a court's "statutory or constitutional power" to adjudicate a case). In deciding whether [a] claim properly challenges the trial court's subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which [the petitioner] was charged and as to which he has filed his petition for certiorari review.
>
> Under the Alabama Constitution, a circuit court "shall exercise general jurisdiction in all cases except as may be otherwise provided by law." Amend. No. 328, § 6.04(b), Ala. Const. 1901. The Alabama Code provides that "[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions

. . . ." § 12-11-30, Ala. Code 1975.

. . . .

The United States Supreme Court has long held that "defects in an indictment do not deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630, 122 S. Ct. 1781 . . . .

A number of states agree. *See Sawyer v. State*, 327 Ark. 421, 938 S.W.2d 843 (1997); *Howell v. State*, 421 A.2d 892, 895 (Del. 1980); *Ford v. State*, 330 Md. 682, 625 A.2d 984 (1993); *Roth v. State*, 714 P.2d 216 (Okla. Crim. App. 1986); *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005); *Studer v. State*, 799 S.W.2d 263 (Tex. Crim. App. 1990); *but see State v. Byington*, 135 Idaho 621, 21 P.3d 943 (2001). The Supreme Court of Missouri, addressing this precise issue, framed the issue succinctly: "Subject matter jurisdiction of the circuit court and the sufficiency of the information or indictment are two distinct concepts. The blending of these concepts serves only to confuse the issue to be determined." *State v. Parkhurst*, 845 S.W.2d 31, 34-35 (Mo. 1992). We find this approach persuasive and consistent with both the Alabama Constitution and the Alabama Code.

. . . . A defect in an indictment may be error, *see* Rule 15.2(d), Ala. R. Crim. P.--or even constitutional error, *see* Ala. Const., Art. I, § 8--but the defect does not divest the circuit court of the power to try the case. A defendant who challenges a defective indictment is thus subject to the same preclusive bars as one who challenges any other nonjurisdictional error, such as an illegal seizure or a violation of the Confrontation Clause.

*Ex parte Seymour*, 946 So. 2d 536, 538-39 (Ala. 2006).

Thus, the respondents are correct that the lawfulness of an indictment is not a jurisdictional issue. Accordingly, the petitioner's second ground for habeas relief is non-jurisdictional, because it challenges the lawfulness of the indictment against him.

Non-jurisdictional claims for post-conviction relief are precluded by ALA. R. CRIM. P. 32.2(a)(3) & (5) if such claims could have been, but were, not raised at trial or on direct appeal. *Seymour*, 946 So. 2d at 539. Having established that the petitioner's second claim for habeas relief is non-jurisdictional, the court turns to the issue of whether the petitioner's second claim

for habeas relief could have been, but was not, raised at trial or on direct appeal.

The petitioner does not claim, nor does the record indicate, that the petitioner ever raised a challenge to the indictment at trial or on direct appeal.  (Doc. 1; Doc. 7).  According to the Alabama Court of Criminal Appeals, the failure to challenge an indictment at trial precludes a challenge for the same on appeal.  *Jordan v. State*, 574 So. 2d 1024, 1025 (Ala. Crim. App. 1990).  Therefore, because a challenge to an indictment is a non-jurisdictional issue that could have been, but was not, raised by the petitioner at trial or on direct appeal, the petitioner's second claim for habeas relief is procedurally defaulted pursuant to 28 U.S.C. §§ 2254(b) and (c), ALA. R. CRIM. P. 32.1(b), and 32.2(a)(3) & (5), *Collier*, 910 F.2d at 772, and *Seymour*, 946 So. 2d at 538-39.

### C.  Third Ground for Relief

The petitioner's third ground for relief is as follows:

> In Ground Three of his petition, Scott appear[s] to allege that his convictions were unsupported by any evidence and violate the principles of double jeopardy.

(Doc. 7, Ex. 13 at 4).  Though it is not clear from the language, grammar, syntax, and punctuation used, the petitioner also appears to repeat his earlier challenge that the trial court was without jurisdiction because the indictment was "bogus."  (Doc. 1 at 14).  The petitioner argues that the convictions that resulted from the errors alleged in this third claim violated: (1) due process; (2) ALA. CONST. AMENDS. V, XIV; (3) U.S. CONST. AMENDS. V, XIV; (4) Rule 3.8(1)(a) ALA. R. PROF. CONDUCT; (5) Rule 13.1(a)(c) ALA. R. CRIM. P.; and (6) Double Jeopardy Clause (U.S. CONST. AMEND. X).  (Doc. 1 at 13).

In response to the petitioner's third stated ground for relief, the respondents argue that:

> Like his first claim, Scott's [third claim for relief is] procedurally
> defaulted because he did not timely raise [this] issue[ ] in state court . . . .
> The Court of Criminal Appeals likewise held that Scott's claim that the
> evidence was insufficient was precluded under Rule 32.2(a)(5) because it was a
> non-jurisdictional issue and could have been, but was not, raised on direct appeal.
> [ ] See Shoulders v. State, 703 So. 2d 1015, 1018 (Ala. Crim. App. 1997) (court
> held that Shoulders's insufficiency of the evidence claims was [sic] not
> jurisdictional and was [sic] precluded under Rules 32.2(a)(3) and (5) because
> it could have been, but was not, raised at trial and on direct appeal).

(Doc. 7 at 5-6).

To the extent that the petitioner's third claim for relief repeats his challenge to the trial

court's jurisdiction due to an allegedly flawed indictment, the claim is without merit for the

reasons previously stated herein.  To the extent that the petitioner challenges the sufficiency of

the evidence admitted at his trial, the court finds that the petitioner's claim is procedurally

defaulted pursuant to 28 U.S.C. §§ 2254(b) & (c), ALA. R. CRIM. P. 32.1(b), 32.2(a)(3) & (5),

because the petitioner could have, but did not, raise a challenge to the sufficiency of the evidence

at trial or on direct appeal.

In Alabama, a post-conviction challenge to the sufficiency of evidence to convict is

precluded if the petitioner could have, but did not, raise the challenge at trial or on direct appeal.

*Shoulders*, 703 So. 2d at 1018; *Pratt v. State*, 851 So. 2d 142, 144 (Ala. Crim. App. 2002);

*McQueen v. State*, 829 So. 2d 783, 784 (Ala. Crim. App. 2002).  As already stated, the Eleventh

Circuit has held that "when a petitioner fail[s] to present a claim to the state courts and under

state procedural rules the claim has become procedurally defaulted, the claim will be considered

procedurally defaulted in federal court."  *Collier*, 910 F.2d at 772 (citing *Lindsey*, 820 F.2d 1137

(11th Cir. 1987)).

Again, the petitioner does not claim, nor does the record indicate, that the petitioner ever

raised a challenge to the sufficiency of the evidence on direct appeal.  (Doc. 1; Doc. 7).  Thus, to

the extent that the petitioner's third claim for relief challenges the sufficiency of the evidence

produced at his trial, the court finds that the petitioner's third claim for relief is procedurally

defaulted.

      To the extent that the petitioner's third claim alleges a double jeopardy violation, the

court finds that the claim is due to be denied.  The petitioner appears to argue that his conviction

of two counts of robbery in the first degree violates the Double Jeopardy Clause because he was

charged and convicted for multiple counts of first degree robbery for the same course of conduct.

(Doc. 1 at 13-16).  Other than arguing procedural default, the respondents do not respond

specifically to the petitioner's double jeopardy claim.

      The court finds that the petitioner's double jeopardy claim is not procedurally defaulted.

According to the Alabama Court of Criminal Appeals, a claim that a petitioner was "the victim

of multiple prosecutions for the same course of conduct implicates the trial court's jurisdiction to

render judgment and to impose sentences."  *Abrams v. State*, CR-05-0364, 2006 WL 2788990, at

*2 (Ala. Crim. App. September 29, 2006).  Therefore, the petitioner is not precluded from raising

his double jeopardy claim irrespective of whether he raised such a claim at trial or on direct

appeal.

      "Jurisdictional matters may be raised at any time."  *Whitt v. State*, 827 So.
2d 869, 876 (Ala. Crim. App. 2001); *see also Jones v. State*, 724 So. 2d 75, 76
(Ala. Crim. App. 1998) (jurisdictional claims are "not precluded by the limitations
period or by the rule against successive petitions").  Thus, this [double jeopardy]
claim is exempt from the procedural bars contained in Rule 32, Ala. R. Crim. P.

*Abrams*, 2006 WL 2788990 at *2.

      Pursuant to state law, the petitioner's double jeopardy claim was timely raised in his Rule

32 petition.  The Alabama Court of Criminal Appeals appears to have come to the same

conclusion, because it affirmed the dismissal of the petitioner's double jeopardy claim on the

merits without finding that the claim was procedurally barred.  (Doc. 7, Ex. 18 at 4-5).

Turning to the merits of the claim, it is a bed-rock principle that no person shall "be

subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const., Amdt. 5;

*United States v. Woods*, 127 F.3d 990, 991 (11th Cir. 1997).  Similarly, it is well-settled that the

Double Jeopardy Clause protects against (1) a second prosecution for the same offense after an

acquittal, (2) a second prosecution for the same offense after a conviction, and (3) multiple

punishments for the same offense.  *United States v. Johnson*, 709 F.2d 639, 641 (11th Cir. 1983).

The Alabama Supreme Court recognized the same principles in *Heard v. State*, 2007 WL 80876,

at *14 (Ala. January 12, 2007).  Similarly, the Alabama Court of Criminal Appeals has

elaborated on the Double Jeopardy Clause's protection against multiple punishments for the

same offense in the context of more than one count of robbery for the same course of conduct as

follows:

> The constitutional guarantee against double jeopardy protects a defendant
> from being subjected to multiple punishments for the same offense.  This
> guarantee bars the conviction of a defendant for two separate counts of
> first-degree robbery where the evidence adduced at trial tended to show that the
> defendant committed only one act of robbery against one victim.

*Young v. State*, 724 So. 2d 69, 73 (Ala. Crim. App. 1998) (citing *Moore v. State*, 709 So. 2d 1324

(Ala. Crim. App. 1997)).  In 2004, the Alabama Court of Criminal Appeals reiterated this view in

*Craig v. State*, 893 So. 2d 1250, 1254-56 (Ala. Crim. App. 2004).

In *Craig*, the defendant entered a dry cleaning business, drew a gun, and announced to the

only employee present that he was committing a robbery.  *Craig*, 893 So. 2d at 1252.  He took

24

$45 from the cash register and chased the lone employee to her car, which he stole. *Id*. The

defendant was charged with, and convicted of, two counts of robbery in the first degree. *Id*.

Pursuant to the Double Jeopardy Clause, the Court of Criminal Appeals vacated one of the

convictions for armed robbery. *Id*. at 1256. The court reasoned that the Double Jeopardy Clause

was violated because:

> Robbery is an offense against the person [ ]. That is, the victim in this
> case was [the employee], not the dry-cleaning business, although some of the
> property taken belonged to the business. Proof of an actual taking of property is
> not required to sustain a conviction for robbery. [ ]. Thus, it is the use of force, or
> the threat of the use of force, against the person that constitutes the crime;
> therefore, the unit of prosecution is the act of violence against the person. Thus,
> the number of charges against the defendant is *not* determined by the number of
> pieces of property actually taken, as was done in this case.

*Id*. at 1255-56 (emphasis supplied) (internal citations omitted).

This case differs from *Craig*. Unlike in *Craig*, where the defendant used force, or

threatened the use of force, against one victim only (the employee), the petitioner and his

accomplices in this case used force, or threatened the use of force, against two victims (Byers and

Brown). *Cf. Craig*, 893 So. 2d at 1252 and Doc. 7, Ex. 18 at 4-5. It is of no legal consequence

that the petitioner or his accomplices did not actually take any money or property from more than

one person. What is of significance is the use of force, or the threatened use of force, against

more than one person. ALA. CODE §§ 13A-8-41(a), 13A-8-43(a), and *Craig*, 893 So. 2d at

1254-56 (Ala. Crim. App. 2004). Thus, there is no double jeopardy violation for charging and

convicting the petitioner on two counts of robbery in the first degree for his use of force, or threat

of the use of force, as a single course of conduct against two victims. Therefore, to the extent

that the petitioner's third claim alleges a double jeopardy violation, the court finds that this claim

is without merit.

### D.  Fourth Ground for Relief

The petitioner's fourth ground for relief is as follows:

> In Ground Four of his petition, Scott appear[s] to allege that the trial court lacked jurisdiction to render the judgments or impose the sentences because, he said, he was convicted as an accomplice, but his indictments did not specifically charge him with complicity.

(Doc. 7, Ex. 18 at 5).  The petitioner argues that the convictions that resulted from the errors alleged in count four violated: (1) due process; (2) Rule 3.1(b) ALA. R. PROF. CONDUCT.; (3) U.S. CONST. AMENDS. V, XIV; and (4) ALA. CONST. AMENDS. V, XIV.  (Doc. 7, Ex. 13 at 40).

In response to the petitioner's fourth stated ground for relief, the respondents argue that this claim procedurally defaulted because he did not timely raise the issue in state court.  *See* ALA. R. CRIM. P. 32.2(a)(3) and (5).  (Doc. 7 at 5-6).

To the extent that the petitioner's fourth claim for relief repeats his challenge to the trial court's jurisdiction due to an allegedly flawed indictment, the court adopts the foregoing reasoning.  The record does not indicate, nor does the petitioner contend, that a challenge to the indictment was raised at trial or on direct appeal.  Therefore, because this challenge to the indictment is a non-jurisdictional issue that could have been, but was not, raised by the petitioner at trial or on direct appeal, the petitioner's fourth claim for habeas relief is procedurally defaulted pursuant to 28 U.S.C. §§ 2254(b) and (c), ALA. R. CRIM. P. 32.1(b), and 32.2(a)(3) & (5), *Collier*, 910 F.2d at 772, and *Seymour*, 946 So. 2d at 538-39.

The court also notes that the conviction of a criminal defendant under a theory of

accomplice liability does not require that a charge of accomplice liability to be contained in the indictment of that defendant. *See McGowan v. State*, 2003 WL 22928607, at *44 (Ala. Crim. App. December 12, 2003); *Smith v. State*, 795 So. 2d 788, 823 (Ala. Crim. App. 2000); *Johnson v. State*, 612 So. 2d 1288, 1297 (Ala. Crim. App. 1992). Therefore, to the extent that the petitioner's fourth claim for relief alleges that either the trial court was without jurisdiction, or his conviction should be overturned because the indictment against him did not charge complicity, the claim is without merit and due to be denied.

### E.  Fifth Ground for Relief

The petitioner's fifth ground for relief is as follows:

> In Ground [Five] of his petition, Scott allege[s] that the trial court lacked jurisdiction to render the judgments or to impose the sentences because, he said, neither the venire [n]or the petit jury were properly sworn.

(Doc. 7, Ex. 18 at 6). The petitioner argues that the convictions that resulted from the errors alleged in count five violated: (1) due process; (2) U.S. CONST. AMENDS. V-VI, XIV; and (3) ALA. CONST. AMENDS. V-VI, XIV. (Doc. 1 at 17).

In response to the petitioner's fifth stated ground for relief, the respondents argue that the claim is without merit because:

> The Court of Criminal Appeals held that Scott's claim that neither the jury venire nor the petit jury was sworn was contradicted by the record . . . .
>
> . . . .
>
> The Court of Criminal Appeals's finding that the petit jury was properly sworn is supported by the record. [ ] Furthermore, Scott has failed to even allege how the state courts applied United States Supreme Court precedent in an objectively unreasonable manner. Accordingly, this Court should defer to the state court's finding concerning this issue.

(Doc. 7 at 6-7).

In Alabama, despite the lack of a constitutional or statutory requirement, an oath is to be administered to the venire prior to *voir dire* examination in order to ensure truthful answers. *Tarver v. State*, 500 So. 2d 1232, 1241 (Ala. Crim. App. 1986).  Also, in Alabama, an oath is to be administered to the petit jury prior to trial.  ALA. CODE § 12-16-170.

In this case, the Alabama Court of Criminal Appeals found that the record was silent as to whether the oath was administered to the venire, but found that the oath was properly administered to the petit jury.  (Doc. 7, Ex. 18 at 6).  Even if both the venire and the petit jury had not been properly sworn, the petitioner would still have to satisfy 28 U.S.C. § 2254(d) to warrant relief.  Other than his claim that the trial court was without jurisdiction to render judgment or to impose a sentence, the petitioner has alleged no facts and offered no evidence to demonstrate that the failure of the court to administer an oath to the venire or the petit jury resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Neither the United States Supreme Court nor the Court of Appeals for the Eleventh Circuit has held that a criminal defendant has a constitutional right to a sworn venire or petit jury in a state prosecution.  In *United States v. Pinero*, noting that the Court of Appeals for the Sixth Circuit implicitly recognized the requirement that the jury be sworn in federal court, the Court of Appeals for the Eleventh Circuit assumed without deciding that a jury must be sworn in a federal prosecution.  *United States v. Pinero*, 948 F.2d 698, 700 n.4 (11th Cir. 1991).  However, the

28

Court of Appeals for the Eleventh Circuit has not established a similar requirement in state prosecutions.  The petitioner fails to cite, and the court is unaware of, any other federal requirement that a venire or petit jury be sworn.  Without more, the petitioner has not satisfied the rigid demands of § 2254(d)(1).

With regard to 28 U.S.C. § 2254(d)(2), the petitioner has failed to demonstrate how any failure to administer an oath resulted in an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Even if the petitioner established that there was insufficient evidence from which a finding of guilt could be made (doc. 1 at 11), his claim would still fail absent some factual allegation or evidence of a causal connection between the failure to swear in the venire or petit jury and the petitioner's conviction.  There simply is no evidence of any prejudice.  28 U.S.C. § 2254(e)(1).  Absent any factual allegation or evidence to satisfy § 2254(d), the petitioner's fifth claim for relief is due to be denied.

### F.  Sixth Ground for Relief

The petitioner's sixth ground for relief is as follows:

> Finally in Ground [Six] of his petition, Scott allege[s] that he was denied the effective assistance of counsel at trial and on appeal.
>
> . . . .
>
> With respect to trial counsel's effectiveness, Scott appeared to allege that his trial counsel was ineffective for: (1) not challenging the validity of the arrest warrant on the ground that there was no probable cause to arrest him . . .; (2) not objecting when his [case] was consolidated with that of his codefendants [at the preliminary hearing]; (3) not objecting to the indictment not being returned by 12 grand jurors, . . ., and not charging him as an accomplice, . . .; (4) not properly preparing for trial; (5) not objecting to perjured testimony being presented at his trial; and (6) not objecting when the trial court instructed the jury to continue deliberating after "the foreman of the jury made the court aware that they was [sic] unable to reach a verdict."

29

. . . .

With respect to appellate counsel's effectiveness, Scott alleged in his petition that his appellate counsel was ineffective for not timely filing a petition for certiorari review with the Alabama Supreme Court.

(Doc. 7, Ex. 18 at 2-8; Doc. 1 at 18-20).[6]

### 1.  Failure to Challenge the Arrest Warrant

To the extent that the petitioner's sixth claim for relief asserts that his trial counsel provided ineffective assistance by failing to challenge the validity of the arrest warrant on the ground that there was no probable cause to arrest him, the respondents argue that:

> . . . Scott has failed to allege facts showing how any deficient performance prejudiced his case. [ ]  Alabama courts have consistently held that, pursuant to Rule 32.3 of the Alabama Rules of Criminal Procedure, summary dismissal of Rule 32 claims unsupported by sufficient facts showing that relief is warranted is proper. [ ]  Because the Court of Criminal Appeals relied upon "firmly established and regularly followed state practice" to dispose of Scott's claim[ ], [this claim has] been procedurally defaulted.

(Doc. 7 at 8-9) (citations omitted).  The Court of Appeals for the Eleventh Circuit has stated:

> Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule.  *Wainwright v. Sykes*, 433 U.S. 72, 85-86, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990), but only if the state procedural rule is regularly followed, *Ford v. Georgia*, 498 U.S.

---

[6]Not included in the Alabama Court of Criminal Appeals's memorandum opinion is any treatment of the petitioner's claim that his appellate counsel's failure to raise on direct appeal those claims that the petitioner subsequently raised in his Rule 32 petition satisfies the "cause and prejudice" exception to the procedural default rule.  (Doc. 1 at 20).  *See Waldrop v. Thigpen*, 857 F. Supp. 872, 897-98 (N.D. Ala. 1994).  Assuming, without deciding, that his appellate counsel's failure to raise on direct appeal the same claims raised by the petitioner in his Rule 32 petition constitutes "cause," the petitioner fails to allege any facts demonstrating "prejudice."  That is, the petitioner has failed to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Purvis v. Crosby*, 451 F.3d 734, 738 (11th Cir. 2006) (quoting *Strickland*, 466 U.S. at 694).  Therefore, to the extent that the petitioner claims that his appellate counsel's alleged ineffective assistance satisfies the "cause and prejudice" exception to the procedural default rule, the petitioner's claim is due to be denied.

411, 424, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991).

*Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006).  "A state procedural ground is not

adequate unless the procedural rule is strictly or regularly followed.  *Johnson v. Mississippi*, 486

U.S. 578, 587, 108 S. Ct. 1981, 100 L. Ed. 2d 575 (1988) (citing *Hathorn v. Lovorn*, 457 U.S.

255, 262-63, 102 S. Ct. 2421, 72 L. Ed. 2d 824 (1982)).  "[W]hen resolution of the state

procedural law question depends on a federal constitutional ruling, the state-law prong of the

court's holding is not independent of federal law . . . ."  *Ake v. Oklahoma*, 470 U.S. 68, 75, 105

S. Ct. 1087, 84 L. Ed. 2d 53 (1985).  In addition to arguing that the petitioner's claim of

ineffective assistance of counsel for failure to challenge the validity of the arrest warrant is

procedurally defaulted, the respondents also argue that such a claim is without merit.

        The initial question is whether the Alabama Court of Criminal Appeals stated "clearly

and expressly that its judgment rests on a procedural bar" and applied "a procedural default

principle of state law."  The second question is whether "that bar provides an adequate and

independent state ground for denying relief."

        In addressing the first issue, the court turns to the memorandum opinion of the Alabama

Court of Criminal Appeals in which that court ruled on the petitioner's ineffective assistance of

counsel claims.  (Doc. 7, Ex. 18).  With respect to the petitioner's claim of ineffective assistance

of counsel for failure to challenge the validity of the arrest warrant, the only reference by the

court is to his failure to comply with the pleading requirements of ALA. R. CRIM. P. 32.3 and

32.6(b).  (Doc. 7, Ex. 18 at 6-8).  The Alabama Court of Criminal Appeals stated that the

petitioner's claim of ineffective assistance of counsel for failure to challenge the validity of the

arrest warrant "do[es] not satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b).  [It]

31

consist[s] of only bare allegations unsupported by any specific facts."  (Doc. 7, Ex. 18 at 8).

From this statement, the Alabama Court of Criminal Appeals stated clearly and expressly that its

judgment rests on a procedural bar (*see Tubbs v. State*, 931 So. 2d 66, 2005 WL 3118930 (Ala.

Crim. App. 2005)), and that bar provides an adequate and independent state ground for denying

relief (*Jenkins v. State*, --- So. 2d ----, 2005 WL 3120110 (Ala. Crim. App. 2005) ("This Court

has held that the procedural default grounds contained in Rule 32 apply to all cases, even to those

in which the death penalty has been imposed.  *See Burgess v. State*, [Ms. CR-02-0977,

September 30, 2005] ---So.2d ---- (Ala. Crim. App. 2005); *Hooks v. State*, 822 So. 2d 476 (Ala.

Crim. App. 2000); *Brownlee v. State*, 666 So. 2d 91 (Ala. Crim. App. 1995); *State v. Tarver*, 629

So. 2d 14 (Ala. Crim. App. 1993).").  Because this statement rejects the adequacy of the

petitioner's pleading, it constitutes a procedural bar in this court.  However, out of an abundance

of caution, the court will also address the merits of the petitioner's claim of ineffective assistance

of counsel for failure to challenge the validity of the arrest warrant.

A failure to challenge an arrest warrant unsupported by probable cause may constitute

ineffective assistance of counsel.

> The fourth amendment provides that "no Warrants shall issue, but upon
> probable cause, supported by Oath or affirmation," U.S. Const. amend. IV, and it
> applies to arrest as well as search warrants.  *Payton v. New York*, 445 U.S. 573,
> 585, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980).  It is well-established that under
> the amendment, an arrest warrant can issue only upon a truthful factual showing
> sufficient to constitute probable cause.  *Burk v. Beene*, 948 F.2d 489, 494 (8th Cir.
> 1991).  Although fourth amendment claims are not cognizable on habeas review,
> *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), the
> Supreme Court has held that a petitioner may premise an ineffective assistance of
> counsel claim on counsel's failure to bring a fourth amendment claim.
> *Kimmelman v. Morrison*, 477 U.S. 365, 383, 106 S. Ct. 2574, 91 L. Ed. 2d 305
> (1986).  In other words, a meritorious fourth amendment claim cannot warrant the
> granting of habeas relief, but it may establish ineffective assistance of counsel.  *Id*.

at 382.

*Tokar v. Bowersox*, 1 F. Supp. 2d 986, 994-95 (E.D. Mo. 1998).  In addition, the petitioner must demonstrate by a preponderance of the evidence that his trial counsel's failure to challenge the arrest warrant was objectively unreasonable and caused prejudice to his case.  *Stewart*, 476 F.3d at 1209.

The "affidavit/warrant" that the petitioner claims to be deficient authorizes the arrest of the petitioner for capital murder during a robbery in the first degree.  (Doc. 1 at 21).  The petitioner claims that "there was no evidences [sic] or probable causes [sic] to justify his illegal arrest for capital murder done [sic] based upon a bogus affidavit/warrant."  (Doc. 1 at 18).  The petitioner alleges that "there was [sic] never any statements given by his alleged co'defendants [sic] . . . to show that they had plot [sic] or planned to kill Timothy Davis."  (Doc. 1 at 8).  The petitioner highlights the statements of his co-defendants indicating a plan only to commit a robbery.  (Doc. 1 at 8-10).

The petitioner's allegation that his trial counsel was ineffective for failing to challenge the probable cause is without merit.  There was certainly sufficient evidence presented to show probable cause to arrest the petitioner on his participation in the robbery which led to the death of Davis.  Under the felony-murder provisions, it is not necessary that the co-defendant, co-conspirators meet and discuss the killing of the victim.  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance because he failed to challenge the warrant for his arrest, the petitioner's claim for relief is due to be denied.

### 2.  Failure to Challenge Consolidation of Cases

To the extent that the petitioner's sixth claim for relief asserts that his trial counsel

provided ineffective assistance by failing to object when his case was consolidated with that of

his co-defendants at the preliminary hearing, the respondents argue that the State court found that

the petitioner has failed to allege facts showing how any deficient performance prejudiced his

case and, therefore, this claim is precluded from review.  (Doc. 7 at 8-9).

       As with the petitioner's claim that his trial counsel provided ineffective assistance for

failing to challenge his arrest warrant, the court finds that the petitioner's claim that his trial

counsel was ineffective in failing to challenge the consolidation of his case with that of his

co-defendants has been procedurally defaulted.  The Alabama Court of Criminal Appeals stated

that this claim of ineffective assistance of counsel "do[es] not satisfy the pleading requirements

in Rule 32.3 and Rule 32.6(b).  [It] consist[s] of only bare allegations unsupported by any

specific facts."  (Doc. 7, Ex. 18 at 8).  Accordingly, this court finds that the claim is barred from

further review.  Again, however, out of an abundance of caution, the court will address the merits

of the claim.

       The petitioner appears to allege that his trial counsel provided ineffective assistance by

failing to object to the consolidation of his case with that of his co-defendants in violation of

ALA. R. CRIM. P. 5.3(a), ALA. R. CRIM. P. 5.4(c), and ALA. R. PROF. CONDUCT 3.8(1)(a).  From

the language used and the rules cited by the petitioner, the court can surmise that the petitioner

believes that consolidation of his case with that of his co-defendants was somehow unsupported

by any evidence showing probable cause.  (Doc. 1 at 18-19).  ALA. R. CRIM. P. 5.3(a) states:

> The preliminary hearing shall be held in the district court.  Only evidence
> that is relevant to the question of whether probable cause exists shall be admitted.
> All parties shall have the right to cross-examine personally the witnesses
> testifying.  The defendant may introduce evidence in his own behalf relevant to
> the issue of probable cause.

ALA. R. CRIM. P. 5.3(a).  ALA. R. CRIM. P. 5.4(c) states:

> If it does not appear from the evidence that an offense has been committed or that there is probable cause to believe the defendant committed it, the court shall dismiss the complaint and discharge the defendant.

ALA. R. CRIM. P. 5.4(c).  ALA. R. PROF. CONDUCT 3.8(1)(a) states:

> **(b) Defendants.**  Two or more defendants may be charged in the same indictment, information, or complaint:
>
> > (1) If they are alleged to have participated in the same act or transaction; or
> >
> > (2) When the several offenses are part of a common conspiracy, scheme, or plan; or
> >
> > (3) When the several offenses are otherwise so closely connected that it would be difficult to separate proof of one from proof of the other.
>
> Such defendants may be charged in one or more counts together or separately, and all of the defendants need not be charged in each count.
>
> **(c) Consolidation.**  If offenses or defendants are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together or that the defendants be joined for the purposes of trial if the offenses or the defendants, as the case may be, could have been joined in a single indictment, information, or complaint.  Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint.  However, the court shall not order that the offenses or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard.

ALA. R. CRIM. P. 13.3(b) & (c).

An attorney will not be found to have provided ineffective assistance for failure to object to a consolidation of cases lawfully ordered pursuant to state law.  *See Stoner v. Rees*, 791 F.2d 935 (Table), 1986 WL 16934, at *1 (6th Cir. 1985).

Other than the petitioner's unsubstantiated allegation that there was no evidence showing probable cause to consolidate his trial with that of his co-defendants, the record is completely devoid of any indication that the trial court did not properly and lawfully apply ALA. R. CRIM. P. 13.3(b) & (c) when it consolidated the cases.  The petitioner points to no facts that indicate that the trial court violated ALA. R. CRIM. P. 13.3(b) & (c) when it consolidated the cases.  This court cannot find that the petitioner's trial counsel provided ineffective assistance by failing to object to the consolidation because, as noted, a lawyer does not perform unreasonably by failing to object to a lawful order or ruling of the court.  *See Brogdon v. Butler*, 838 F.2d 776, 781 (5th Cir. 1988); *Stoner*, 1986 WL 16934, at *1; *Johnson v. Moore*, 113 Fed. Appx. 249, 250, 2004 WL 2538183, *1 (9th Cir. 2004); *Richards v. Million*, 76 Fed. Appx. 597, 600, 2003 WL 21801447, *3 (6th Cir. 2003).

Even if the petitioner had claimed that just as the statements of his co-defendants did not show probable cause to arrest the petitioner for capital murder, the same statements did not show probable cause to consolidate his case with that of his co-defendants, the court would still find that the trial counsel did not provide ineffective assistance because the petitioner has failed to demonstrate that "his lawyer's deficient performance prejudiced his case."  He has not alleged any facts to demonstrate that the outcome of his case would have been different had his trial counsel objected to the consolidation of the cases.  *Stewart*, 476 F.3d at 1209; *Rutherford v. Crosby*, 385 F.3d 1300, 1308 (11th Cir. 2004).  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance because he failed to object to the consolidation of his case with that of his co-defendants, the petitioner's claim is due to be denied.

### 3.  Failure to Object to the Indictment

To the extent that the petitioner asserts that his trial counsel provided ineffective assistance by failing to object to the indictment not being returned by twelve grand jurors and not charging him as an accomplice, the respondents argue as follows:

> Indeed, the record shows that each indictment was signed by the grand jury foreman in the presence of 16 grand jurors.  [ ]  Furthermore, . . . an indictment need not specifically allege accomplice liability.

(Doc. 7 at 8).

The respondents are correct that, pursuant to state law, an indictment is valid despite a failure to allege accomplice liability.  The Alabama Court of Criminal Appeals has articulated this principle as follows:

> "Under Alabama law, the distinction between principals and accessories has long been abolished; one charged as a principal may be convicted as an accomplice, and the State is not required to notify the defendant in the indictment or otherwise that it is proceeding under a complicity theory."

*Smith v. State*, 795 So. 2d 788, 824 (Ala. Crim. App. 2000) (quoting *Johnson v. State*, 612 So. 2d 1288 (Ala. Crim. App. 1992)).  The same is true of indictments for federal crimes.  *See United States v. Calhoon*, 859 F. Supp. 1496, 1500 (M.D. Ga. 1994).

Pursuant to this rule, the indictment of the petitioner was valid.  Though the indictment may not have charged the petitioner with accomplice liability, "the State is not required to notify [him] in the indictment . . . that it is proceeding under a complicity theory."  *Smith*, 795 So. 2d at 824.  Because the indictment was valid, the petitioner's trial counsel could not have provided ineffective assistance for failing to object to it.  *See Martin v. Blackburn*, 606 F.2d 92, 94 (5th Cir. 1979); *Carpenter v. United States*, 492 F. Supp. 2d 912, 2007 WL 1815676, at *7 n.1 (N.D.

Ill. June 22, 2007) ("Counsel was not constitutionally ineffective for failing to make what would have been a frivolous argument."); *Hoover v. Senkowski*, 2003 WL 21313726, at \*2 (E.D.N.Y. May 24, 2003) ("Petitioner's trial counsel did not err in failing to raise at sentencing what would have been a meritless constitutional claim."); *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 49 (D.P.R. 2006) ("An attorney is not obliged to raise meritless claims and failure to do so does not render his or her legal assistance ineffective.").  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance because he failed to object to the indictment not charging him as an accomplice, the petitioner's claim for habeas relief is due to be denied.

Turning to the petitioner's claim that his trial counsel provided ineffective assistance by failing to object to the indictment being "approved by the foreman of the grand jury without the [Body's] [sic] of the grand jury," the court notes those provisions of the Alabama Code to which the petitioner supposedly refers.  (Doc. 1 at 19).

> **§ 15-8-70. Presentation to court and endorsement; limitations on entry in minutes and inspection.**  All indictments must be presented to the court by the foreman of the grand jury in the presence of at least 11 other jurors, must be endorsed 'filed' and must have the endorsement dated and signed by the clerk; but no entry of an indictment found must be made on the minutes, nor must any indictment be inspected by any other person than the district attorney, the presiding judge and the clerk of the court until the defendant has been arrested or has given bail for his appearance.

ALA. CODE § 15-8-70 (1975).

> **§ 12-16-204. Concurrence of 12 jurors required for finding of indictment; endorsement and signature of indictment generally.**  The concurrence of at least 12 grand jurors is necessary to find an indictment, and when so found it must be endorsed "a true bill" and the endorsement signed by the foreman.

ALA. CODE § 12-16-204 (1975).

38

To the extent that the petitioner may claim that any indictment was not "signed by the foreman," such a claim is patently without merit as the record indicates that the indictments were signed by the grand jury foreman.  (Doc. 7-2 (Ex. 1) at 1-3).  To the extent that the petitioner may claim that his indictments were not signed with the "concurrence of at least [twelve] grand jurors," the petitioner must satisfy 28 U.S.C. § 2254(e)(1) which states that:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

The Alabama Court of Criminal Appeals made the following "determination of a factual issue":

> All three indictments returned against Scott were endorsed true bills by the grand jury foreman.  [ ].  "[T]he signature of the grand jury foreman signified the concurrence of 12 or more grand jurors."  [ ].

(Doc. 7, Ex. 18 at 4 (internal citations omitted)).  Pursuant to 28 U.S.C. § 2254(e)(1), this "determination of a factual issue made by [the Alabama Court of Criminal Appeals] shall be presumed to be correct."  The petitioner has failed to offer any evidence, much less "clear and convincing evidence," to rebut this presumption.  28 U.S.C. § 2254(e)(1).  There being no evidence submitted, or contained in the record, to substantiate the petitioner's claim, the petitioner's trial counsel cannot be found to have provided ineffective assistance by failing to challenge the indictment for lack of "concurrence of at least [twelve] grand jurors," because "[a]n attorney is not obliged to raise meritless claims and failure to do so does not render his or her legal assistance ineffective."  *Alicea-Torres v. United States*, 455 F. Supp. 2d 32, 49 (D.P.R. 2006).

Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance because he failed to object to the indictment being approved by the foreman of the grand jury without being "submitted to the [Body of the Grand Jury]+," the petitioner's claim for habeas relief is due to be denied.  (Doc. 1 at 14).

### 4.  Failure to Properly Prepare for Trial

To the extent that the petitioner's sixth claim for relief argues that his trial counsel provided ineffective assistance by failing to properly prepare for trial, the respondents argue that this claim is precluded from review because it is procedurally defaulted.  (Doc. 7 at 8-9).  As with the petitioner's claim that his trial counsel provided ineffective assistance for failing to challenge his arrest warrant, the court finds that the petitioner's claim that his trial counsel provided ineffective assistance for failing to properly prepare for trial has been procedurally defaulted.  The Court of Criminal Appeals stated that the petitioner's claim was not adequately pled to meet the requirements in Rule 32.3 and Rule 32.6(b).  (Doc. 7, Ex. 18 at 8).  Accordingly, it is barred from further review.  Even if the claim were reviewed on the merits, the petitioner would be entitled to no relief.

A failure of counsel to adequately prepare for trial may constitute ineffective assistance of counsel where it is shown that such inadequate preparation, combined with other deficient performance, prejudiced the petitioner's case.  *See Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002); *Harris By and Through Ramseyer v. Wood*, 64 F.3d 1432, 1438 (9th Cir. 1995). "Conclusory allegations that an attorney failed to prepare adequately for trial, however, will not support a claim of ineffective assistance." *Jones v. Spitzer*, 2003 WL 1563780, *18 (S.D.N.Y. March 26, 2003).

While the petitioner argues that several witnesses offered allegedly exculpatory or perjured testimony, the petition is devoid of any specific factual allegations as to how his trial counsel failed to adequately prepare for trial. *See* Doc. 1 at 19-20. For example, the petitioner does not allege that his trial counsel failed to conduct any investigation, talk to any witnesses, conduct legal research, develop a defense/trial strategy, or engage in any other activities that a defense attorney would normally engage in prior to, and in preparation for, trial. The United States District Court for the Southern District of New York has articulated the court's approach to such general and conclusory claims:

> With general lack of preparation claims, the record often does not make clear the extent of counsel's pretrial work. For this reason, *Strickland* instructs that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." 466 U.S. at 697. Thus, courts may decide such claims by making only the second (prejudice) inquiry of the *Strickland* test. *See Strouse v. Leonardo*, 928 F.2d 548, 556 (2d Cir. 1991); *United States v. Nersesian*, 824 F.2d 1294, 1322 (2d Cir. 1987).

*Slevin v. United States*, 1999 WL 549010, *5 (S.D.N.Y. July 28, 1999).

To demonstrate prejudice, a petitioner must show that there is a "reasonable probability" that but for the attorney's errors, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id*. In making the prejudice determination, a court "'must consider the totality of the evidence before the judge or jury,' keeping in mind that 'a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.'" *Id*. at 696; *Slevin*, 1999 WL 549010 at *4.

Applying these principles to the petition and the record in this case, the court finds that the petitioner has offered no evidence, or even alleged any facts, that demonstrate a reasonable

41

probability that but for trial counsel's alleged errors, the result of the proceeding would have been different.  The petitioner's claim that his trial counsel failed to adequately prepare for trial is simply a general and conclusory allegation of ineffective assistance.  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance because he failed to adequately prepare for trial, the petitioner's claim for habeas relief is due to be denied.

### 5.  Failure to Object to Perjured Testimony

The petitioner's sixth claim for relief also contains allegations that his trial counsel provided ineffective assistance by failing to object to perjured testimony at trial.  In turn, the respondents argue this claim is precluded from review.  (Doc. 7 at 8-9).

As with the petitioner's other barred claims, the court finds that this claim is barred from review.  The Court of Criminal Appeals' determination that the petitioner has not adequately pled this claim constitutes a procedural default.  Even if this claim were reviewed by this court on the merits, the petitioner would not be entitled to any relief.

To demonstrate that his trial counsel provided ineffective assistance by failing to object to perjured testimony, the petitioner must show that his trial counsel's performance was unreasonable and that such unreasonable performance prejudiced the petitioner's case.  *Stewart*, 476 F.3d at 1209.  To demonstrate that trial counsel's failure to object was unreasonable, the petitioner must first demonstrate that the witness's testimony actually constitutes perjury.  *See United States v. Ciancaglini*, 945 F. Supp. 813, 820-22 (E.D. Pa. 1996).  Once the petitioner has demonstrated that the witness's testimony was false, he must demonstrate that his trial counsel knew or suspected that the witness was lying.  *See D'Amario v. United States*, 403 F. Supp. 2d 361, 370 (D.N.J. 2005) ("Petitioner points to no evidence contradicting any of their testimony.

Nor does Petitioner assert that counsel knew or even suspected the witnesses of lying at trial.

Counsel was not ineffective for failing to object to testimony for which there was no factual basis

to object.").  Though difficult, perjury may be proved in one of three ways in Alabama:

> A person commits the crime of perjury in the first degree when in any official proceeding he swears falsely and his false statement is material to the proceeding in which it is made.

ALA. CODE § 13A-10-101(a) (1975).

> A person commits the crime of perjury in the second degree when he swears with intent to mislead a public servant in the performance of his duty and his false statement is material to the action, proceeding or matter involved.

ALA. CODE § 13A-10-102(a) (1975).

> A person commits the crime of perjury in the third degree when he swears falsely.

ALA. CODE § 13A-10-103(a) (1975).  False swearing is the common element of all three degrees

of perjury.  *See* ALA. CODE §§ 13A-10-101(a), 13A-10-102(a), 13A-10-103(a) (1975).  False

swearing means:

> The making of a false statement under oath required or authorized by law, or the swearing or affirming the truth of such statement previously made, which the declarant does not believe to be true.

ALA. CODE § 13A-10-100(b)(1) (1975).  When the foregoing definitions are applied, they

require some showing that the statement was false when it was made.  *Cf.* ALA. CODE §§

13A-10-101(a), 13A-10-102(a), 13A-10-103(a), 13A-10-100(b)(1) (1975).

The petitioner offers the following factual allegations to substantiate his claim that his

trial counsel provided ineffective assistance by failing to object to the testimony.  First, the

petitioner alleges that Dewayne Brown committed perjury because his testimony "that he saw

Jeremiah Scott's [sic] pull a gun in the house" and that "they had not mesk [sic] with any marijuana" was inconsistent with the testimony of other witnesses.  (Doc. 1 at 19).  Second, the petitioner also alleges that Casey Byers committed perjury because his testimony was coerced. (Doc. 1 at 19).  Finally, the petitioner alleges that Brown committed perjury when he stated that he recognized the petitioner from a yearbook photo, because he and Brown were not the same age and could not have attended school at the same time.  (Doc. 1 at 20).

        With regard to the petitioner's allegation that the inconsistency between the testimony of Brown with that of other witnesses demonstrates that Brown committed perjury, the court finds that, while such inconsistency may be relevant to whether Brown's statement was actually false, it does not tend to prove that Brown believed his testimony to be false when he testified. *Hannegan v. State*, 59 So. 376, 378 (Ala. App. 1912) ("A man is not guilty of perjury who simply swears falsely to a material matter; his testimony must not only be material and false, but willfully and corruptly false.").  Without more, the petitioner has failed to allege sufficient facts to demonstrate perjury because facts tending to prove a statement to be false do not necessarily tend to prove that the declarant knew the statement to be false.  The petitioner must allege some facts to demonstrate that Brown willfully made a statement known by him to be false. *Hannegan*, 59 So. at 378.  Even if the petitioner had alleged facts tending to show that Brown believed that his testimony was false, the petitioner has failed to allege any facts tending to show that his trial counsel knew or suspected that Brown was committing perjury. *See D'Amario*, 403 F. Supp. 2d at 370.  Since the petitioner cannot show that Brown's testimony constitutes perjury and that his trial counsel knew or suspected the same, then the court cannot find that the petitioner's trial counsel's performance was unreasonable. *See Martin*, 606 F.2d at 94;

44

*Carpenter*, 2007 WL 1815676, at *7 n.1; *Hoover*, 2003 WL 21313726, at *2; *Alicea-Torres*, 455 F. Supp. 2d at 49.  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance by failing to object when Brown gave testimony that conflicted with that of other witnesses, the court finds that the petitioner's claim is due to be denied.

For the purpose of analyzing the petitioner's claim that Casey Byers' allegedly coerced testimony constitutes perjury, the court quotes Scott's petition:

> When Casey Byers, gave his pretrial statements as he was being coerced to change what he had first said.; [sic] [2] He stated further that!  " 'Now the room had been ransacked, they haven't gotten [sic] anything.  Anit [sic] found nothing, they searched Casey's pocket and took like $600.00, dollars off of him, and I don't think Tim hadeany [sic] money.  Then he started to trying to tape up Tim's eyes, and Latham, after he got the shirt over my head, he pulled Tim up on his knees, at which time he stuck the gun to my head.; . . .

(Doc. 1 at 19).

Based on this quotation, the court finds that the petitioner has failed to allege any facts to demonstrate coercion or perjury.  The facts alleged by the petitioner are incoherent and confusing.  Without any allegation as to who coerced Byers and what false testimony Byers was forced to give, the court cannot further analyze this claim of coercion.  *See Ex parte Weeks*, 456 So. 2d 404, 407-08 (Ala. 1984) ("there was no evidence that the State attempted to force her to testify to anything untrue or misleading").  In addition to the petitioner's failure to allege facts to support a claim of coercion, the petitioner has also failed to allege any facts to support a claim of perjury.  The petitioner fails to allege: (1) which statement constitutes a false swearing; and (2) facts showing that the declarant knew his statement or testimony was false.  ALA. CODE §§ 13A-10-101(a), 13A-10-102(a), 13A-10-103(a), 13A-10-100(b)(1) (1975).  Again, the petitioner has failed to demonstrate that his trial counsel's performance was unreasonable, because counsel

does not provide ineffective assistance by failing to raise a frivolous claim. *See Martin*, 606 F.2d at 94; *Carpenter*, 2007 WL 1815676, at *7 n.1; *Hoover*, 2003 WL 21313726, at *2; *Alicea-Torres*, 455 F. Supp. 2d at 49. Even if the petitioner had alleged facts tending to show coercion and perjury, the petitioner has failed to allege any facts tending to show that his trial counsel knew or suspected the same. *See D'Amario*, 403 F. Supp. 2d at 370. Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance by failing to object when Byers gave purportedly coerced and perjured testimony, the court finds that the petitioner's claim is due to be denied.

With regard to the petitioner's allegation that Brown committed perjury when he stated that he recognized the petitioner from a yearbook photo, the court finds that the facts alleged in support of such a claim are insufficient to demonstrate perjury. The petitioner reasons that Brown could not have possibly identified the petitioner as his assailant from a photo line-up based on his recollection of a photo of the petitioner from a junior highschool yearbook, because there was a substantial age difference between he and Brown and the two could not have attended the same junior highschool at the same time. (Doc. 1 at 20). This factual allegation does not tend to prove that Brown committed perjury. Brown need not have contemporaneously attended the same school as the petitioner in order to have observed the petitioner's photo in a yearbook. Brown could have observed the petitioner's photo in the yearbook on a prior occasion regardless of whether Brown ever attended the same school as the petitioner.

Even if Brown's statement was false, a factual allegation that Brown did not contemporaneously attend the same school as the petitioner does not tend to prove that Brown knew his statement to be false when he made it. Without any further factual allegations, the

46

petitioner has failed to demonstrate that Brown's testimony was false or that Brown knew it to be so when he gave it.  ALA. CODE §§ 13A-10-101(a), 13A-10-102(a), 13A-10-103(a), 13A-10-100(b)(1) (1975).  Again, the court finds that the petitioner has failed to demonstrate that his trial counsel's performance was unreasonable, because counsel does not provide ineffective assistance by failing to raise a frivolous claim.  *See Martin*, 606 F.2d at 94; *Carpenter*, 2007 WL 1815676, at *7 n.1; *Hoover*, 2003 WL 21313726, at *2; *Alicea-Torres*, 455 F. Supp. 2d at 49. Even if the petitioner had alleged facts that tend to prove that Brown falsely swore, he failed to allege facts tending to prove that the petitioner's trial counsel knew or suspected that Brown's statement constituted perjury.  Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance by failing to object when Brown committed perjury by stating that he recognized the petitioner from a yearbook photo, the court finds that the petitioner's claim is due to be denied.

### 6.  Failure to Object to Court's Instruction to Continue Deliberations

The petitioner's sixth claim for relief asserts that his trial counsel provided ineffective assistance by failing to object when the trial court instructed the jury to continue deliberating after the foreman indicated to the court that the jury was unable to reach a verdict.  The respondents retort that this claim is procedurally barred from review by this court.  (Doc. 7 at 8-9).

Once again, the court agrees.  The determination of the Court of Criminal Appeals that the petitioner failed to adequately plead his claim constitutes a procedural default precluding further review by this court.  Additionally, even if the claim were subject to review, he would be entitled to no relief.

The petitioner's allegation that his trial counsel's failure to object constitutes unreasonable performance presupposes that his trial counsel should have objected to the trial court's instructions to the jury to continue deliberations despite an initial inability to reach a verdict (i.e., the trial court's instruction was improper or illegal).  Thus, this court must address the issue of whether it is proper or legal to instruct a jury to continue deliberations despite an initial inability to reach a verdict.

The Eleventh Circuit has defined an *Allen* Charge as "a trial court's admonition to a deadlocked jury, instructing it to make further attempts to reach a verdict."  *United States v. Polar*, 369 F.3d 1248, 1254 (11th Cir. 2004).  The Court has approved of the use of *Allen* charges.  *See United States v. Chigbo*, 38 F.3d 543, 544 n.1 (11th Cir. 1994).  Additionally, the Fifth Circuit has elaborated on the propriety of an *Allen* charge as follows:

> A judge may encourage jurors who are having difficulty reaching a verdict to deliberate longer, and to give due consideration and respect to the views of their peers.  However, a judge errs in instructing the jury to deliberate further if the jury has reached a final verdict, which has been announced and recorded, or when the instruction unduly coerces the minority into surrendering its views for the purpose of rendering a verdict, or sets a time limit for the deliberations.

*United States v. Straach*, 987 F.2d 232, 242-43 (5th Cir. 1993) (internal citations omitted).

The petitioner merely alleges that the jury foreman had informed the trial court that the jury was unable to reach a verdict.  The petitioner fails to allege any facts tending to prove that the jury had reached a final verdict prior to the trial court's instructions to continue deliberating.  The petitioner also fails to allege any facts tending to prove that the instructions given by the trial court were coercive.  Finally, the petitioner fails to allege any facts tending to prove that the trial court's instructions improperly set a time limit for jury deliberations.  Without more, the court

48

finds that petitioner has failed to prove that the trial court's *Allen* charge was improper.  *Straach*, 987 F.2d at 242-43.  Consequently, the court finds that the petitioner has failed to prove that his trial counsel's performance was unreasonable, because counsel does not provide ineffective assistance by failing to raise a frivolous claim.  *See Martin*, 606 F.2d at 94; *Carpenter*, 2007 WL 1815676, at *7 n.1; *Hoover*, 2003 WL 21313726, at *2; *Alicea-Torres*, 455 F. Supp. 2d at 49. Therefore, to the extent that the petitioner claims that his trial counsel provided ineffective assistance by failing to object when the trial court instructed the jury to continue deliberating after the foreman indicated to the court that the jury was unable to reach a verdict, the court finds that the petitioner's claim would be due to be denied.

### 7.  Failure to Timely File a Petition for a Writ of Certiorari

To the extent that the petitioner's sixth claim for relief asserts that his appellate counsel provided ineffective assistance by failing to timely file a petition for certiorari review with the Alabama Supreme Court, the respondents argue that:

> Scott's ineffective assistance of appellate counsel claim that his counsel failed to timely file a petition for writ of certiorari with the Alabama Supreme Court is without merit.  In Ross v. Moffitt, 417 U.S. 600, 610 (1974), the United States Supreme Court held that defendants d[o] not have a due process right to counsel on discretionary review to a state supreme court.  Accordingly, the Court of Criminal Appeals properly found that, because Scott did not have a right to counsel during his discretionary appeal to the Alabama Supreme Court, he did not have any ineffective assistance of counsel claim for the failure to file a petition for [a] writ of certiorari.  [ ]  Scott, furthermore, has cited no United States Supreme Court precedent showing that he did, in fact, have such a claim.  Accordingly, he has failed to show that the state courts have applied United States Supreme Court precedent in an objectively unreasonable manner.

(Doc. 7 at 9-10).

The court notes at the outset that a failure of counsel to timely file a petition for

discretionary review by a state appellate court does not constitute ineffective assistance of counsel because a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals.  *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982).  With the exception of criminal cases in which the death penalty is imposed, the Alabama Supreme Court may grant a writ of certiorari in its sole discretion.  ALA. R. APP. P. 39(a); *Strickland v. State*, 936 So. 2d 1091, 1092 (Ala. Crim. App. 2004).  There is no dispute that appellate counsel for the petitioner failed to timely file a petition for a writ of certiorari with the Alabama Supreme Court on behalf of the petitioner.  (Doc. 7, Ex. 8-9).  Because the petitioner had no right to counsel to pursue discretionary state review (i.e., petition the Alabama Supreme Court for a writ of certiorari) of his conviction, the court finds that the petitioner's claim of ineffective assistance of appellate counsel is without merit.  *Wainwright*, 455 U.S. at 587-88; *Strickland*, 936 So. 2d at 1092.  Therefore, to the extent that the petitioner's sixth claim for relief argues that his appellate counsel provided ineffective assistance by failing to timely file a petition for certiorari review with the Alabama Supreme Court, the court finds that the petitioner's claim is due to be denied.

The petitioner has failed to demonstrate that he is entitled to relief.  He has failed to show that any of the alleged errors of the trial court were contrary to, or constituted an unreasonable application of, federal law.  The petitioner has also failed to demonstrate that the State court's adjudication of his claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  Finally, the petitioner failed to demonstrate that either his trial or appellate counsels' performance was unreasonable and resulted in prejudice to him.  Therefore, the petition is due to be denied.

## IV.  CONCLUSION

Premised on the foregoing, the court finds that the petition for a writ of habeas corpus is due to be denied and dismissed with prejudice.  An appropriate order will be entered.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion upon the petitioner and counsel for the respondents.

**DONE** this the 19th day of November, 2007.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

51